Scott E. Schutzman, Esq.  SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
2124 Main Street, Suite 130
Huntington Beach, California 92648
Tel:  714-374-0099
Email:  schutzy@msn.com

Jeffrey A. Neiman, Esq.   *Pro Hac Vice Pending*
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel:  305-400-4269
Email:  jneiman@mnrlawfirm.com

Attorneys for Petitioner, Sabena Puri

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABENA PURI,<br><br>        Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>        Respondent. | Case No.<br><br>**PETITION TO QUASH THIRD PARTY SUMMONS ISSUED TO CITIBANK, N.A. BY THE INTERNAL REVENUE SERVICE** |

Petitioner Sabena Puri, pursuant to 26 U.S.C. § 7609(b), moves the Court to quash a third-party summons issued on or about March 27, 2020, by the Department of Treasury, Internal Revenue Service, to Citibank N.A.. Per 26 U.S.C. § 7609(b), Petitioner Puri has the right to intervene with respect to any third-party summons

because it seeks records relating to her. In support of her Petition, she states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Sabena Puri is a natural person. She is a United States citizen whose address is 2149 High Street, Palo Alto, California 94301.

2.      This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 and 26 U.S.C. § 7609(h). Citibank N.A. is found in this judicial district because it has a physical presence here. Specifically, Citibank N.A. has at least four branch offices in Orange County California, which include a branch office at 18232 Irvine Blvd, Tustin, California, 92780. *See Williams v. United States*, Case No. 1:05-mc-6, 2005 WL 3105404, at *2 (E.D. Tenn July 29, 2005) ("A branch office indicates a significant presence within the district, and I conclude it is sufficient to support subject matter jurisdiction under 26 U.S.C. § 7609(h)(1).") Further, the summons calls for delivery of the requested document to take place in this judicial district.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(e) because the respondent is the United States and a substantial part of the events or omissions giving rise to the claim is to occur here. Specifically, the summons calls for delivery of the requested document to take place here.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THE SUMMONS AND NOTICE

4.      On or about March 27, 2020, the Internal Revenue Service issued a third-party summons to Citibank N.A. that requested certain bank records related to Petitioner for the sixteen-year period from April 1, 2003 to March 31, 2019. A copy of this summons is attached to this Petition as **Exhibit A**. The summons specifically requests records from Citibank, N.A., that include "all transactions of Sabena Puri."

5.      Internal Revenue Code § 7609(a)(1) requires the IRS to serve notice of the summons upon any person to whom the requested records relate. The IRS must do so "within 3 days of the day on which such service is made [upon the third-party], but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." Further, "[s]uch notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under [§ 7609(b)(2)] to bring a proceeding to quash the summons."

6.      No Notice of Summons has ever been served upon Petitioner Puri, as required by 26 U.S.C. § 7609(a). Instead, Petitioner Puri learned of the summons from the recipient of the summons—Citibank N.A. This notification from Citibank, N.A. did not include any notice of rights under § 7609(a). Nevertheless, when Citibank N.A. informed Petitioner Puri of the summons, she hired counsel to explore her rights and file the instant petition.

7.     The summons purports to be made pursuant to Article 28 of the Convention Between the Government of the United States of America and the Government of the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income ("the Convention") and in connection with "the India Income Tax Liabilities" of the Petitioner.

## THE SUMMONS MUST BE QUASHED FOR LACK OF NOTICE

8.     Respondent's failure to provide Petitioner with the statutorily mandated notice requires this Court to quash the summons. *See Kalra v. United States*, Case No. 12-cv-3154, 2014 WL 242763, at *1 (N.D. Ill. Jan. 21, 2014) (Quashing a similar petition based upon inadequate notice to the Petitioner). Petitioner's Palo Alto address is in the possession of the IRS and has been included on her Form 1040 tax returns for years. Yet the IRS never delivered the summons to that address, or to Petitioner by any other means as of the present date.

9.     The grounds upon which a district court must quash an IRS summons are well established. The burden of resisting a motion to quash the summons rests with the Government. "To defeat a petition to quash, or to enforce a summons, the government must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) **the IRS complied with all the administrative steps required by the Internal Revenue Code.**"

*Crystal v. United States*, 172 F.3d 1141, 1143–44 (9th Cir. 1999) (emphasis added) (citing *United States v. Powell*, 379 U.S 48, 57–58 (1964)).

10.    The IRS has not complied with the administrative steps required by Internal Revenue Code because it has not served Petitioner with appropriate notice as § 7609(a) requires. Accordingly, the Petition must be granted and the summons must be quashed. *Jewell v. United States*, 749 F.3d 1295 (10th Cir. 2014) (concluding that "the 23-day notice requirement is mandatory and an 'administrative step'" and "*Powell* prevents enforcement of the summonses" because the IRS failed to provide this notice).

11.    That said, other circuits have held that an additional showing of prejudice is required to quash a summons for failure to provide notice. *See Adamovicz v. United States*, 531 F.3d 151, 161 (2d Cir. 2008); *Cook v. United States*, 104 F.3d 886, 889–90 (6th Cir. 1997); *Sylvestre v. United States*, 978 F.2d 25, 28 (1st Cir. 1992); *United States v. Bank of Moulton*, 614 F.2d 1063, 1066 (5th Cir. 1980). The Ninth Circuit has not addressed the matter.

12.    But even if prejudice is required, such prejudice exists here. In *J.B. v. United States*, 916 F.3d 1161 (9th Cir. 2019), the Ninth Circuit expounded upon the purpose of notifying an affected taxpayer before enforcing a third-party summons. The Court observed that such notice "affords interested parties a meaningful opportunity to resolve issues and volunteer information" before the third parties are

substantially involved. *Id.* at 1164. While *J.B.* concerned notice that must be provided *before* contacts with third parties (which is not at issue here), the same rationale applies after contact with the third-party.

13.    The IRS's failure to follow § 7609(b)'s notice requirements has deprived Petitioner Puri of sufficient time to discuss the summons with the IRS, understand the summons's purpose, and determine whether the parties can agree upon an unobjectionable scope of production.

## THE SUMMONS APPEARS TO LACK A LEGITIMATE PURPOSE

13.    Under *Crystal v. United States*, 172 F.3d 1141, 1143–44 (9th Cir. 1999) and *United States v. Powell*, 379 U.S 48, 57–58 (1964), the Court also must quash the summons unless the Government can establish that the summons is issued in connection with an "investigation that will be conducted for a legitimate purpose" and that "the material being sought is relevant to that purpose." *Crystal*, 172 F.3d at 1143–44.

14.    The burden is on the Government to establish the legitimate purpose of an investigation and the relevance of the requested information to that investigation. Petitioner Puri is presently unable to effectively address this requirement given the minimal information that she now has about the purpose of the summons.

15.    Nevertheless, certain features of the summons call its legitimate purpose into doubt and suggest that it may be an overly broad and impermissible

fishing expedition. Notably, the summons seeks *sixteen years*' worth of Petitioner's bank records, spanning almost the entirety of Petitioner's working life. Further, this period covers years during which Petitioner was and continues to be a resident of the United States, filed United States income tax returns, claimed no foreign earned income exclusion or related excess housing cost deduction on those returns, paid all United States taxes normally imposed on filers of Form 1040, and was not properly subject to Indian income taxation..

16.    A copy of the Convention is attached to this Petition as **Exhibit B**. According to a notation of the face of the summons at issue in this matter, the summons seeks information under Article 28 of this Convention.

17.    Article 28, Paragraph 1 of the Convention permits the disclosure of tax information "for the prevention of **fraud or evasion**" of taxes (emphasis added). Upon belief, the Republic of India has not requested (and could not legitimately request) information in connection with an investigation into fraud or evasion by Petitioner. Any disclosure of tax information for any other purpose is not permitted by the Convention and is otherwise forbidden by generally applicable US tax privacy law, *see* 26 U.S.C. § 6103.

18.    Article 28, Paragraph 3 of the Convention places limits on the information that may be requested under that Article. The Convention states that "in no case" shall it require the contracting states to either (a) "carry out administrative

measures at variance with the laws and administrative practice of that or of the other Contracting State;" or (b) "supply information which is not obtainable under the laws or in the normal course of the administration of that or of the other Contracting State." Further, Article 28, Paragraph 4 permits the obtaining of information only "in the same manner and in the same form as if the tax of the first-mentioned State were the tax of that other State and were being imposed by that other State." United States law does not permit overbroad summons requests, and such overbroad requests are accordingly impermissible under the Convention and illegitimate under *Powell*.

19.    In considering similar summons issued at the request of other foreign countries, this Court has required the IRS to demonstrate that the summons is not overbroad and that the IRS has properly evaluated the appropriateness of the requests. *See Yeong Yae Yin v. United States*, Case No. 00-cv-06075, 2000 WL 33267334 (C.D. Cal. 2000) (enforcing such treaty-related summons only after concluding that (1) the IRS reviewed the Korean taxing authorities' requests, and determined that they were proper under the relevant convention and (2) the summons was not overbroad).

20.    Given the breadth of this summons, Petitioner's knowledge of her own lack of fraud, and the sixteen-year scope of the petition, it is unlikely that the IRS

will be able to meet its burden to show that enforcement of the summons is appropriate. Accordingly, the summons should be quashed.

## **Request for Limited Discovery and Evidentiary Hearing**

21.    Alternatively, if the Court declines to quash the Internal Revenue Service's summons outright based on this Petition, the Petitioner requests (1) a hearing and briefing schedule on the issues; and (2) limited discovery into the IRS's evaluation of the purpose of the summons.

WHEREFORE, the Petitioner respectfully requests the Court grant this Petition to Quash the Internal Revenue Service summons, along with all such relief that is just and necessary. Or, alternatively, Petitioner requests the Court enter an order setting forth a hearing date and briefing schedule, and granting Petitioner limited discovery as described herein.

Dated: May 28, 2020                Respectfully Submitted,

/s/ SCOTT E. SCHUTZMAN
Scott E. Schutzman